# Third District Court of Appeal
## State of Florida

Opinion filed May 20, 2026.

_____

No. 3D25-2456
Lower Tribunal No. 09-1868-CP-02

_____

**Veronica Y. Morrison,**
Appellant,

vs.

**In Re: Estate of Juanita T. Brown-Mason, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Veronica Y. Morrison, in proper person.

Irama Valdes, P.A., and Irama Valdes and Alexis Sanchez, for appellees.


Before SCALES, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Appellant Veronica Y. Morrison, *pro se*, appeals a November 19, 2025

probate court order that granted Curator Irama Valdes's petition for final

distribution and discharged Valdes from all duties as to the Estate of Juanita T. Brown-Mason.

This Estate has had a long and tortuous history since the decedent's death in 2008. Morrison was the initial personal representative, and an initial final order of discharge was entered in 2010, after Morrison swore, under penalty of perjury, that the Estate had been fully administered.

Then, thirteen years later, in 2023, the Estate was reopened after the decedent's grandson – claiming he had been excluded from the initial probate proceedings – petitioned the probate court to reopen it. The probate court initially appointed the grandson as the personal representative in these renewed proceedings, but in 2024, it appointed attorney Irama Valdes as the Estate's Curator.

In these re-opened proceedings, Morrison made several unsuccessful attempts to admit a purportedly lost or destroyed will that specifically provided that Morrison and her sister would inherit the Estate, while the grandson would inherit only a piece of jewelry. Morrison also challenged the probate proceedings suggesting that, because the decedent, Juanita T. Brown was known also as "Juanita T. Brown-Mason" the probate proceedings are somehow unauthorized. Following the Curator's full administration of the re-opened Estate, the probate court entered the

2

challenged November 19, 2025 order discharging the Curator and again closing the Estate. Morrison timely appealed this final order.

On appeal, Morrison reiterates her arguments that the probate proceedings were unauthorized because the decedent was known by a different name. Morrison also asserts that a clerk's default somehow required the probate court to admit and validate what Morrison characterized as the decedent's lost or destroyed will. Further, Morrison asserts, without factual support, that the Curator acted fraudulently and failed to provide proper notice. Morrison makes blanket assertions, again without factual support, that the probate court failed to protect Morrison as a "vulnerable adult." Additionally, Morrison argues that periods of "inactivity" somehow deprived the probate court of jurisdiction. Finally, Morrison makes conclusory assertions of malicious prosecution, judicial bias, and systemic due process violations.

Upon our careful review of the record on appeal and the parties' briefing, we find no reversible error in the challenged order and affirm the order in all respects. No motion for rehearing will be entertained by this Court.

Affirmed.[1]

---

[1] During the course of this appeal, Morrison filed multiple motions alleging violations of, and entitlement to, certain accommodations pursuant to, the Americans with Disabilities Act. Morrison has also sought an order

sanctioning the lower court clerk for not timely transmitting the record on appeal to this Court.  We deny, as moot, all of Morrison's pending motions.